FILED ___ ENTERED
LODGED ___ RECEIVED

DEC 16 2011

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

Magistrate Judge Brian A. Tsuchida

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                 Plaintiff,

              v.

GURJIT SINGH SANDHU,

NARMINDER KALER,

JASMIN KLAIR,

                 Defendants.

CASE NO. MJ11-610

COMPLAINT for VIOLATION

Title 21, U.S.C., Sections 841 and 846.

BEFORE The Honorable Brian A. Tsuchida, United States Magistrate Judge, U.S. Courthouse, 700 Stewart St., Seattle, Washington.

The undersigned complainant being duly sworn states:

**COUNT ONE**
**(Conspiracy to Distribute Cocaine)**

Beginning at a time unknown, but within the last five years, and continuing through on or about December 15, 2011, at Blaine, within the Western District of Washington, GURJIT SINGH SANDU, NARMINDER KALER, AND JASMIN KLAIR, and others known and unknown, did knowingly and intentionally conspire to distribute cocaine, a substance controlled under Schedule II, Title 21, United States Code, Section 812.

COMPLAINT/ SANDHU, et al.- 1
Case No.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

It is further alleged that the offense involved five kilograms or more of a mixture or substance containing a detectable amount of cocaine.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), and 846.

The undersigned complainant, being duly sworn, states:

1. I am a Criminal Investigator with the Department of Homeland Security, Homeland Security Investigations (HSI), and have been so employed since October 2003. I am a graduate of the Federal Law Enforcement Training Center in Brunswick, Georgia. In my capacity as a Criminal Investigator, I conduct investigations of the Controlled Substances Act, Title 21, United States Code, Sections 841, et seq., and related offenses. Throughout my law enforcement career, I have participated in investigations, arrests, search warrants, and seizures relating to cross border smuggling, the manufacture, distribution, and transportation of controlled substances, and offenses related to controlled substance violations such as money laundering. In addition to practical experience, I have received formal training in controlled substances enforcement. This includes training regarding controlled substance recognition, field testing, undercover investigations, telecommunications analysis and financial investigations. As a result of my training and experience, I am familiar with the various methods used by various traffickers in their efforts to import, export, conceal and distribute controlled substances.

2. On December 15, 2011 Homeland Security Investigations (HSI) Special Agents in Blaine, Washington received information from a Confidential Informant (CI) regarding possible smuggling activity. The CI stated that the activity would likely occur in the vicinity of the Smuggler's Inn Bed and Breakfast, which is located in a rural area less than 100 feet from the U.S./Canadian border in Blaine, Washington. I, along with other law enforcement agents, established surveillance in the area. At approximately 8:00 p.m., I saw a black GMC Yukon arrive at the Smuggler's Inn. There were three people in the car -- the driver (who was the owner of Smuggler's Inn), a female, later identified as

COMPLAINT/ SANDHU, et al.- 2
Case No.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

JASMIN KLAIR, and a male. The male occupant was a guest at the Inn.

3. KLAIR is a Canadian citizen, and she appeared to be very nervous and agitated when I asked her basic questions about her identity. I asked her if the large white box located in the back of the Yukon belonged to her. Initially, KLAIR stated the box was not hers. I then asked the driver and the male occupant if the box belonged to them, and when they denied ownership, KLAIR stated that the box belonged to her. We then escorted KLAIR into the Inn for further questioning.

4. KLAIR was advised of her *Miranda* rights and stated she will cooperate fully with Agents. I asked her KLAIR for consent to search the box, and she agreed and provided consent. Inside the box were nine kilogram-sized bricks of suspected cocaine with a total estimated weight of 10.76 kilograms which field-tested positive for cocaine. During questioning, KLAIR began receiving multiple text messages and phone calls from an individual she knew as "Jason." KLAIR stated that she met "Jason" and another person she referred to as "GORDY" (later identified as GURJIT SINGH SANDHU) through a friend of hers at work approximately two weeks ago. KLAIR began talking to them about how she could make some money. SANDHU attempted to talk KLAIR into traveling to Los Angeles to pick something up and take it to a hotel. KLAIR declined.

5. After the initial conversation with SANDHU, on December 14, 2011, KLAIR received a phone call from SANDHU. They agreed to meet at her house that night. That evening, they discussed what KLAIR was going to do to transport a package, and SANDHU gave KLAIR a pre-paid phone and charger to use for the drug transaction. SANDHU stated that he would pay her $4,000 to go to Bellingham and pick up a duffel bag which contained a package of what she understood to be illicit substances. She agreed, and, pursuant to SANDHU's instructions, on December 15, 2011, met an individual she knew as "Tim" at the Cactus Club restaurant in Delta, B.C. She and "Tim" went to Canadian Tire to meet with SANDHU in Surrey, B.C. At Canadian Tire, SANDHU met with KLAIR and "Tim," and SANDHU gave KLAIR $600 in cash, with instructions to pay $200 for a room at Smuggler's Inn, $100 to the driver who was going

COMPLAINT/ SANDHU, et al.- 3
Case No.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

to take her to Smuggler's Inn, and $300 for her to use as spending money.

6. On that same day, after receiving instructions from SANDHU, KLAIR and "Tim" drove south to the United States, passing through the Peace Arch Port of Entry at 2:50 p.m. SANDHU had instructed KLAIR to use the name "Lisa," and to call a man known as "Jay." When KLAIR called "Jay," he instructed her to meet at a Jack in the Box in Burlington, Washington. They met in the parking lot, but they saw what they believed to be a suspicious person watching them from another car. "Jay" told KLAIR to hug him, to make it appear that they were acquaintances. They hugged, and decided to go to a Park 'n Ride parking lot to conduct the exchange. At the Park 'n Ride, "Jay" got out of his white truck, and put a large white box, which said "Merry Xmas," in the trunk of KLAIR's car.

7. After receiving the box, KLAIR and "Tim" went to the Pizza Hut on Samish Road in Bellingham, Washington to wait for instructions from SANDHU. While at the Pizza Hut, KLAIR received numerous calls and text messages from SANDHU on both her personal phone and the pre-paid phone that SANDHU gave her. SANDHU told KLAIR to contact Smuggler's Inn and request a ride and room there.

8. At approximately 6:15 p.m., KLAIR was picked up by the owner of Smuggler's Inn ("the driver") in a black GMC Yukon. "Tim" gave the driver the box, and asked the driver to put it in the driver's vehicle. The driver and KLAIR leave the Pizza Hut, and travel to the Bellingham Airport to pick up another person that KLAIR stated was not involved.

9. As described above, after contact by law enforcement agents, KLAIR was cooperative, and she kept in contact with "Jason" and SANDHU as they repeatedly called her. Jason told her to go to the downstairs room at the Smuggler's Inn and wait for further instructions. At about 11:40 p.m., SANDHU called and told her that someone would come to her room and pick up the box, and that KLAIR will see SANDHU outside, and she should run with them back across the border. We set up surveillance on the door to her room. SANDHU subsequently called and sent numerous text messages directing

COMPLAINT/ SANDHU, et al.- 4
Case No.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  KLAIR to put the box outside the door, and wait for someone pick up the box and knock
2  on the door so she could go with them.
3      10.    At about 11:45 p.m., law enforcement observed a Volkswagon Jetta driving
4  east on "0" Avenue, just over the border in Canada. It slowed down in front of the
5  Smuggler's Inn. The vehicle stopped, and law enforcement observed two males running
6  from Canada towards KLAIR's room. Both individuals were seen illegally entering the
7  United States. Once they were approximately 10 feet from the box, agents identified
8  themselves as "police", ordered them to stop and that they were under arrest. Both
9  individuals attempted to flee back into Canada, but were caught after a brief foot chase.
10 These individuals were GURJIT SINGH SANDHU and NARMINDER KALER.
11     11.    I advised KALER of his *Miranda* rights, and he agreed to provide details of
12 his activity. He stated he was to receive $2,000 from an individual named "G" who was
13 driving the Jetta. KALER stated he needed the money to pay off a $325,000 debt for
14 losing a 115 pound load of marijuana about a year and a half ago. KALER stated he was
15 going to scope out the area in front of the hotel which he identified as Smugglers Inn.
16 KALER told agents that he was instructed by "G" to handle "the girl," referring to
17 KLAIR, because he and SANDHU were responsible for her.
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

COMPLAINT/ SANDHU, et al.- 5
Case No.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

12. Based on the foregoing facts, I respectfully submit that there is probable cause to believe that GURJIT SINGH SANDHU, NARMINDER KALER, and JASMIN KLAIR committed violations of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), and 846.

_____
Joshua Barnett, Complainant
HSI Special Agent

Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence, the Court hereby finds that there is probable cause to believe the defendants committed the offense set forth in the Complaint.

Dated this 16th day of December, 2011.

_____
Hon. Brian A. Tsuchida
United States Magistrate Judge

COMPLAINT/ SANDHU, et al.- 6
Case No.