The Honorable James L. Robart

11-CR-00422-PLAGR

FILED ENTERED
LODGED RECEIVED

MAY - 9 2012

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. GURJIT SINGH SANDHU, Defendant. | CASE NO. CR11-0422 JLR<br>PLEA AGREEMENT |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Jerrod C. Patterson, Assistant United States Attorney, Defendant, GURJIT SINGH SANDHU, and his attorney, Jeffrey Robinson, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1. **The Charge(s).** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter his plea of guilty to the following charge contained in the Indictment:

a. Conspiracy to Distribute Cocaine, as charged in Count 1, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), and 846. By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his plea of guilty, he will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-7970

2. **Elements of the Offense.** The elements of the offense of Conspiracy to Distribute Cocaine, as charged in Count 1, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), and 846, are as follows:

First, beginning on or about a date unknown, but within the last five years, and continuing through on or about December 15, 2011, there was an agreement between two or more persons to distribute cocaine; and

Second, the defendant joined in the agreement with the intent to further its unlawful object or purpose.

3. **The Penalties.** Defendant understands that the statutory penalties for the offense of Conspiracy to Distribute Cocaine, as charged in Count 1, are as follows:

a. Count 1 (Conspiracy to Distribute Cocaine): Imprisonment for up to life, a mandatory minimum sentence of ten (10) years of imprisonment, a fine of up to ten million and no/100 dollars ($10,000,000), a period of supervision following release from prison of at least five (5) years, and a special assessment of one hundred and no/100 dollars ($100). Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of its conditions, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant's serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that in addition to any term of imprisonment and/or fine that is imposed, the Court may order him to pay restitution to any victim of the offense, as required by law.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-7970

agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

4. **Statutory Enhancements.** Defendant further understands that, in order to invoke the statutory sentence set forth above, the United States must prove beyond a reasonable doubt that the offense charged in Count One involved five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine. Defendant waives Defendant's right to require the United States to make this proof at trial and stipulates that this plea of guilty includes Defendant's acknowledgment that the offense involved five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

a. The right to plead not guilty and to persist in a plea of not guilty;

b. The right to a speedy and public trial before a jury of his peers;

c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for her;

d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e. The right to confront and cross-examine witnesses against Defendant at trial;

f. The right to compel or subpoena witnesses to appear on his behalf at trial;

g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h. The right to appeal a finding of guilt or any pretrial rulings.

6. **Ineligibility for Benefits.** Defendant understands that by pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits under Title 21, United States Code, Section 862a.



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-7970

7. **United States Sentencing Guidelines.** Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a. The Court will determine his applicable Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

8. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-7970

9. **Statement of Facts.** The parties agree on the following facts. Defendant admits he is guilty of the charged offense.

Beginning at a time unknown, and continuing until on or about December 15, 2011, Defendant GURJIT SINGH SANDHU knowingly and voluntarily entered into an agreement with co-defendants Narminder Kaler, Jasmin Klair, and others, to transport and distribute controlled substances in Western Washington for profit.

In furtherance of this agreement, on December 15, 2011, Klair picked up 9 kilogram-sized bricks of suspected cocaine in Burlington, Washington. Also in furtherance of this agreement, that same day the defendant and Kaler attempted to pick up the same nine kilograms of suspected cocaine at a hotel in Whatcom County, Washington, with the intention that it be re-distributed, but when they attempted to do so, the cocaine was seized by law enforcement and SANDHU and Kaler were arrested.

The seized substance in brick form later tested positive for cocaine.

10. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees to dismiss Count 3 at the time of sentencing, and agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119(1997).

11. **Immigration Consequences**. Defendant understands that, as a non-citizen of the United States, entering a guilty plea may have consequences regarding his immigration status. Certain crimes are deportable offenses, and a plea of guilty to any



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-7970

such crime may subject the Defendant to automatic deportation and removal from the United States. See 8 U.S.C. § 1227(a)(2). Defendant affirms that he has been advised of the potential immigration consequences that may result from the entry of the guilty plea(s) contemplated by this agreement and is prepared to proceed with his guilty plea(s) regardless of any immigration consequences that may result from guilty plea(s), even if such consequences include automatic deportation and removal from the United States.

**12. Sentencing Factors**

The parties agree that the following Sentencing Guidelines provisions apply to this case:

a. A base offense level of 32. The defendant conspired to distribute at least 5 kilograms but less than 15 kilograms of cocaine, pursuant to USSG §2D1.1(c).

The parties agree that the Defendant qualifies for a safety-valve adjustment under 18 U.S.C. § 3553(f)(1)-(5) and USSG § 5C1.2(a). If, at the time of sentencing, the United States continues to be satisfied that Defendant has met the requirements for a safety-valve adjustment, the parties agree that Defendant will be eligible for a two-level reduction under USSG 2D1.1(b)(16). Defendant understands that the Court will ultimately decide whether Defendant qualifies for any sentencing adjustment that comports with the safety valve provisions. The parties agree they are free to argue the application of any other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

**13. Acceptance of Responsibility.** The United States acknowledges that if Defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG § 3E1.1(a), and if the offense level is sixteen (16) or greater, his total offense level should be decreased by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because he has assisted the United States by timely notifying the authorities of Defendant's intention to



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-7970

plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

14. **Forfeiture.** Defendant agrees to forfeit to the United States immediately all of Defendant's right, title and interest in any and all property, real or personal, that was used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the conspiracy to distribute cocaine (Count 1).

15. **Forfeiture of Contraband.** Defendant also agrees that if any firearms or illegal contraband were seized by any law enforcement agency from the possession of Defendant, or that were in the direct or indirect control of Defendant, then he consents to the administrative forfeiture, official use and/or destruction of said firearms or contraband by any law enforcement agency involved in the seizure of these items.

16. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that is in violation of his conditions of release (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-7970

Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

**17. Waiver of Appeal.** As part of this Plea Agreement and on the condition that the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) that is determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

a. any right conferred by Title 18, United States Code, Section 3742 to appeal the sentence, including any restitution order imposed; and

b. any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

Furthermore, this waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

**18. Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

**19. Statute of Limitations.** In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement,



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-7970

the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//

//



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-7970

**20. Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 9th day of May, 2012.

GURJIT SINGH SANDHU
Defendant

JEFFREY ROBINSON
Attorney for Defendant

SARAH VOGEL
Assistant United States Attorney

JERROD C. PATTERSON
Assistant United States Attorney



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-7970